1999 SD 64

**CITY OF BRIDGEWATER,**
**Plaintiff and Appellee,**

v.

**MORRIS, INC., Defendant**
**and Appellant,**

and

**Schmucker, Paul, Nohr & Associates,**
**Defendant and Third Party**
**Plaintiff,**

v.

**Morris, Inc., Third Party Defendant**
**and Appellant.**

**No. 20560.**

Supreme Court of South Dakota.

Argued Jan. 13, 1999.

Decided May 26, 1999.

---

Murl E. Miller, Michael D. Stevens of Blackburn, Stevens & Fox, Yankton, Attorneys for plaintiff and appellee City of Bridgewater.

Ronald G. Schmidt, Brett M. Koenecke of Schmidt, Schroyer & Moreno, P.C., Pierre, Attorneys for defendant and appellant Morris, Inc.

MEIERHENRY, Circuit Judge

[¶ 1.] Morris, Inc. (Morris) appeals the trial court's judgment rendered in favor of the City of Bridgewater (Bridgewater). We affirm.

## FACTS

[¶ 2.] Bridgewater let bids for a construction project to replace portions of its existing water distribution system. Bridgewater contracted with Schmucker, Paul, Nohr & Associates (SPN), a consulting and engineering firm to prepare plans, specifications, and contract documents to construct the system. Bridgewater awarded Morris the contract to construct the new water distribution system. In July 1993, Morris sought payment for substantial completion of the project. Both Bridgewater and SPN refused to sign the substantial completion certificate until Morris completed a "punch list" of work that needed to be done. During this time, Bridgewater discovered that some of the water lines were installed with only three feet seven inches of ground cover. Further testing revealed that the water lines had less than six feet of cover in several areas of the system. As a result of the discovery, Bridgewater brought breach of contract and negligence claims against Morris and SPN. SPN and Morris commenced claims against each other for contribution.

[¶ 3.] The court dismissed the negligence claims, but submitted the breach of contract claims as to both defendants to the jury. The court also submitted the counter cross-claims of contribution by SPN and Morris to the jury. On March 19, 1998, the jury found for Bridgewater against both Morris and SPN and awarded damages in the amount of $124,500. The jury found contribution between the defendants attributing seventy percent to Morris and thirty percent to SPN. The jury further awarded interest from March 19, 1997.

[¶ 4.] Morris appeals raising the following issues:

Whether a written contract may be modified in the absence of a written agreement or an executed oral agreement.

Whether Bridgewater is entitled to a damage award if the breach of contract is based on a technical violation of contract in the absence of actual damages.

Whether a jury may apportion damages in a contract case.

Whether a jury can award prejudgment interest when the damages were uncertain until fixed by the jury.

## STANDARD OF REVIEW

[¶ 5.] In reviewing a jury verdict or denial of a directed verdict, the Court must view the evidence "in the light most favorable to the non-moving party and give him the benefit of all reasonable inferences." *Westover v. East River Elec. Power,* 488 N.W.2d 892, 896 (S.D.1992). This Court reviews the record to "determine whether there is any substantial evi-

dence to allow reasonable minds to differ. This Court does not weigh the evidence and substitute its judgment for that of the jury." (citations omitted) *Id.*

[¶ 6.] The standard of review of a trial court's instruction to the jury is whether the instructions viewed as a whole are not erroneous and provide a full and correct statement of the law as it applies to the case. *Knudson v. Hess,* 1996 SD 137, 556 N.W.2d 73, 75 (citing *Sommervold v. Grevlos,* 518 N.W.2d 733, 739 (S.D. 1994)); *Frazier v. Norton,* 334 N.W.2d 865, 870 (S.D.1983); *Mueller v. Mueller,* 88 S.D. 446, 221 N.W.2d 39 (1974). If the court gives an erroneous instruction to the jury, the appellant has the burden of showing that the jury might and probably would have returned a different verdict had the correct instruction been given. *Chambers v. Dakotah Charter, Inc.,* 488 N.W.2d 63, 64 (S.D.1992). "[A]n appellant who seeks to set aside a civil verdict because of an incomplete or ambiguous instruction must establish that it was prejudicial." *Schmidt v. Wildcat Cave, Inc.,* 261 N.W.2d 114, 119 (S.D.1977).

## DECISION

[¶ 7.] **Whether a written contract may be modified in the absence of a written agreement or an executed oral agreement.**

[¶ 8.] Morris claims on appeal that the terms of the written contract did not specifically require six feet of cover of the pipes. Morris further claims that the requirement of six feet of cover was a modification of the original contract and could only be modified by a writing or by an executed oral agreement. SDCL 53–8–7.

[¶ 9.] The case was presented to the jury as a straightforward breach of contract issue as to whether the six feet of cover for the underground water system was a specification of the contract. As part of the evidence, Bridgewater introduced drawings of the prospective system that specified a cover of six feet. Other testimony revealed several discussions between the parties about the six feet requirement, including clarifications at the pre-construction meeting. Morris's foreman admitted at trial that he knew of the requirement. Additionally, Bridgewater presented testimony that the prevailing industry standard was six feet of cover.[1]

[¶ 10.] It is the jury's responsibility to judge the credibility of the witnesses and the weight to give to the evidence. *Berry v. Risdall,* 1998 SD 18, 576 N.W.2d 1. The jury heard the evidence and determined that the six feet of cover was a requirement of the original contract. A review of the evidence presented at trial reveals sufficient evidence from which the jury could have made its finding. This was a question of fact appropriately submitted to the jury. Morris does not claim that the jury instructions on this issue were in error. We, therefore, affirm on this issue.

[¶ 11.] **Whether Bridgewater is entitled to a damage award if the breach of contract is based on a technical violation of contract in the absence of actual damages.**

[¶ 12.] Morris cites the jury's award of damages as error. Morris claims that if there was a breach, it was a technical breach, from which Bridgewater incurred no actual damage. Whether the failure of Morris to cover the pipes six feet caused damage was a jury question. The court instructed the jury that it could

---

1. In Instruction # 17, the Court instructed the jury that it could consider customs of the trade and industry standards as part of the contract:

> Customs of the trade or industry standards are a part of the contracts between the parties, unless excluded. However, the terms of the contract between the parties control over any inconsistent customs or industry standards. Therefore, if you find the terms of the contract are inconsistent with industry standards, you must apply the contract provisions.

award damages based upon reasonable expense of repair or the sum of the difference between the fair market value of the project as contracted and as constructed.[2] Morris made no objection to court's instruction on the proper measure of damages. Under any damage model, "there need only be a reasonable basis for measuring the loss and it is only necessary that damages can be measured with reasonable certainty." *Tri–State Ref. & Inv. Co. v. Apaloosa Co.*, 452 N.W.2d 104, 110 (S.D. 1990).

[¶ 13.] The jury heard experts testify that the diminution of value suffered by Bridgewater was approximately $150,000. The expert testimony also provided for an alternative method of damages which would compensate Bridgewater by replacing all pipes under the elevation of five feet six inches or twenty-two percent of the project at a cost of $125,000. Thus, the compensatory damage award of $124,500 is within the limitations justified by the evidence.

[¶ 14.] Again, it is the jury's role to weigh the testimony, resolve conflicting testimony, and evaluate the credibility of the witnesses. *Berry v. Risdall*, 1998 SD 18 at ¶ 10, 576 N.W.2d at 4. In viewing the evidence "in the light most favorable to the non-moving party" and giving "the benefit of all reasonable inferences," we find there is substantial evidence on which reasonable minds could differ. *Westover v. East*

*River Elec. Power*, 488 N.W.2d at 896. The jury's determination of the amount of damages is affirmed.

**[¶ 15.] Whether a jury may apportion damages in a contract case?**

▆▆ [¶ 16.] Bridgewater started this case as two separate actions: one against Morris and one against SPN. Both lawsuits were based on negligence and breach of contract claims. SPN filed an answer and third party complaint against Morris, and Morris counterclaimed. As part of the third party complaint and counterclaims, both SPN and Morris requested contribution and/or indemnity if the jury found them liable to Bridgewater. The court dismissed the negligence claims precluding the need for apportioning fault between the defendants. Neither SPN nor Morris, however, was willing to dismiss its claim for contribution and indemnity against each other.

[¶ 17.] The court instructed the jury to consider the rights of the defendants as separate and distinct and to decide each defendant's case as a separate lawsuit.[3] The court also instructed the jury that SPN had the burden of proving, "That if SPN is liable to city, there exists a disproportion of fault between SPN and Morris so as to render inequitable an equal distribution between them." Jury Instruction # 15. The court further instructed the

2. Instruction # 23 set forth the measure of damages as follows:

If you decide for the plaintiff on the question of liability you must then fix the amount of money which will reasonably and fairly compensate the Plaintiff for any of the following elements of loss or harm suffered in person or property proved by the evidence to have been proximately caused by the breach of contract of the Defendant, whether such loss or harm could have been anticipated or not, namely:
As to the property damage, you may award the lesser of the two sums of money.
The first is the sum which you determine to be the reasonable expense of making the necessary repair of the property.

The second sum is the difference between the fair market value of the waterline as contracted and the fair market value of the waterline as constructed.
. . .
Whether any of these elements of damages have been proved by the evidence is for you to determine. Your verdict must be based on evidence and not upon speculation, guesswork, or conjecture.

3. Instruction # 14 stated:
There are two (2) defendants in this lawsuit. The rights of these defendants are separate and distinct. You should decide the case of each defendant separately, as if it were a separate lawsuit. All of these jury instructions apply to each defendant unless otherwise specified.

jury to apportion the damages between the defendants based upon their "respective percentages of fault."[4]

[¶ 18.] The jury was required to designate on the verdict form the defendants it found liable on the depth of cover issue.[5] The jury found against both defendants and entered the names of both Morris and SPN on the verdict form. A special verdict form required the jurors to allocate the respective degrees of fault between Morris and SPN. The jury determined Morris was seventy percent at fault and SPN was thirty percent at fault. Morris objected to the verdict forms and requested that separate verdicts be submitted for each defendant. Morris, however, still maintained its claim for contribution from SPN, but cites as error the application of the joint tort-feasor law assessing relative fault.

[¶ 19.] In instructing the jury, the court used the language of the statutes governing the apportionment of fault between joint tortfeasors. SDCL 15-8-15. The law governing joint contract obligations in SDCL ch 20-1 makes no reference to apportioning fault but does allow a party to seek contribution. A party who is joint or severally liable on an obligation arising from a contract claim has the right to seek proportionate contributions from the joined parties.

A party to a joint, or joint and several, obligation, who satisfies more than his share of the claim against all, may re-quire a proportionate contribution from all the parties joined with him.

SDCL 20-1-6.

[¶ 20.] Although it was error for the trial court to instruct the jury on relative fault, the result did adequately apportion the damages between the defendants. Both Morris and SPN had contract obligations to Bridgewater and each breached its contract independently. It was not, however, reasonably possible to divide the damage caused by the separate breaches. The damage to the city for either breach was the same—water lines buried with less than six feet of cover. The trial court properly instructed the jury to determine one amount for the damage if the jury found both defendants liable.

[¶ 21.] The defendants, however, have a right to seek proportionate contribution. SDCL 20-1-6. The apportionment of fault of seventy percent to Morris and thirty percent to SPN had the same effect as determining the respective proportionate contribution. Consequently, although we find the court erred in instructing the jury as to relative fault, it is harmless error since the result is the same and Morris is not prejudiced.

[¶ 22.] **Whether a jury can award prejudgment interest when the damages were uncertain until fixed by the jury?**

[¶ 23.] Morris argues that prejudgment interest should not have been submitted to the jury because Morris did not know the measure of damages or the amount of damages Bridgewater was claiming until shortly before trial. The law allows prejudgment interest from the

4. Instruction # 26, in part, read as follows:

If you found that both Morris, Inc. and Schmucker, Paul, Nohr are liable for damages to the City of Bridgewater, you must allocate the fault of those Defendants whom you have found to be liable to the Plaintiff. To do this, you must determine the respective percentages of fault of all of the parties. The total of these percentages must add up to 100 percent. In making this determination, you shall consider both the nature of the conduct of each party at fault and the

extent of the casual relation between the conduct and the damages suffered.

5. The verdict form for plaintiff stated:

We, the jury, duly impaneled in the above-entitled action, and sworn to try the issues therein, find for the Plaintiff as follows: Against Defendant or Defendants _____ on the depth of cover issues and return damages of $_____, with interest, if any you so find, commencing on _____ date.

day the loss or damage occurred. "Any person who is entitled to recover damages ... is entitled to recover interest thereon from the day that the loss or damage occurred, except during such time as the debtor is prevented by law, or by act of the creditor, from paying the debt...." SDCL 21–1–13.1. Since the date of damage was a question of fact, the issue was properly submitted to the jury. SDCL 21–1–13.1. Morris's argument is without merit.

We affirm.

[¶ 24.] SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.

[¶ 25.] MEIERHENRY, Circuit Judge, for MILLER, Chief Justice, disqualified.

