# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1253

_____

| | | |
|---|---|---|
| Roger L. Burry, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska |
| Eustis Plumbing & Heating, Inc., | * | |
| a Nebraska Corporation; ALCAN | * | |
| Aluminum Corporation, doing business | * | |
| as Kroy Transportation, Inc., | * | |
| | * | |
| Defendants-Appellees. | * | |

_____

Submitted: October 16, 2000

Filed: March 8, 2001

_____

Before HANSEN, MURPHY, and BYE, Circuit Judges.

BYE, Circuit Judge.

The plaintiff, Roger Burry, brings this appeal from a jury verdict for the defendant. On appeal, Mr. Burry argues the district court[1] erred and should be reversed, based on its instructions to the jury. We disagree, and affirm.

_____

[1]The Honorable William G. Cambridge, Senior United States District Judge for the District of Nebraska.

Burry was a truck driver for Kroy Transportation of Nebraska. On a snowy day in March, 1995, Burry was injured while making a delivery of pipes to Eustis Plumbing, a Nebraska client. While the owner of Eustis Plumbing, Frank Strong, was unloading Burry's delivery in the company pipeyard, a bundle caught Burry's hand and yanked his arm. About a year later, while on a job in California, Burry lost his grip and fell from the top of his truck. In all, between March, 1995, and March, 1996, Burry's arm was hurt on at least two, and possibly upwards of four, occasions.[2]

Burry filed a civil action against Eustis Plumbing based on Nebraska law. Burry alleged that Strong was negligent in unloading the pipes in the Eustis Plumbing pipeyard, and that Strong's negligence–by weakening Burry's arm–was the cause of Burry's fall a year later in California. The case went to trial.

Before the second day of trial, the district judge met with the parties in chambers. The judge told them that he felt a negligence theory was insufficient, and that he'd issue a "premises liability" instruction. Burry's counsel objected, without success.

Since Strong had no memory of the Eustis Plumbing accident, Burry alone was able to testify on what he believed had happened. Nonetheless, the defense cross-examined Burry extensively, exposing flaws in Burry's testimony.[3] After deliberating

---

[2]In March, 1995, after the Eustis Plumbing accident, Burry slipped and fell on ice in Missouri. Also that month, Burry "felt like something tore lose" in his arm as he was strapping a different load to his truck.

[3]For example, Burry admitted he wasn't watching Strong's actions when the pipes fell. Burry also admitted knowing about the weaknesses in his arm before climbing atop his truck in California a year later. The defense also pointed to the other accidents Burry had as alternative causes for his injury.

for less than an hour, the jury returned a verdict for the defendants.  The district court considered and denied Burry's motion for a new trial.  Burry appealed.

The appeal focuses mostly on the district court's instructions to the jury.  We review a district court's decision to give particular instructions for abuse of discretion.  See Slathar v. Sather Trucking Corp., 78 F.3d 415, 419 (8th Cir. 1996).  We consider whether the jury instructions, "taken as a whole and viewed in light of the evidence and applicable law, 'fairly and adequately submitted the issues in the case to the jury.'"  Grain Land Coop v. Kar Kim Farms, Inc., 199 F.3d 983, 995 (8th Cir. 1999) (quoting White v. Honeywell, Inc., 141 F.3d 1270, 1278 (8th Cir. 1998)).  Because many errors are harmless, we will not reverse the judgment unless the alleged error was prejudicial.  See Wolfe v. Gilmour Mfg. Co., 143 F.3d 1122, 1124 (8th Cir. 1982).  We will order a new trial only if the error "misled the jury or had a probable effect on its verdict."  See E.I. du Pont de Nemours & Co. v. Berkley & Co., Inc., 620 F.2d 1247, 1257 (8th Cir. 1980).

First, we reject Burry's suggestions that the premises liability instruction was wrong as a matter of Nebraska law.  In Haag v. Bonger, 589 N.W.2d 318, 334 (Neb. 1999), the Nebraska Supreme Court made clear that "premises liability encompasses not only condition of land, but also activities conducted on the premises."  Accordingly, the premises liability instruction was correct.

As for Burry's objection to the timing of the district court's decision to instruct on premises liability, while we don't necessarily endorse the district court's timing, we find no reversible error based on the record in this case.  We recognize that the district court must assure that only legally viable theories reach the jury, and that it is "in the best position to evaluate any difficulties that might arise in the course of the trial, and to fashion jury instructions appropriate to them."  Wolfe, 143 F.3d at 1125 (citation omitted); see also Pony Express Cab & Bus, Inc. v. Ward, 841 F.2d 207, 209 (8th Cir.

1988) (rejecting defendant's argument that district court's "amendment" to pleadings, and change in legal theories, constituted reversible error).

Moreover, while Burry portrays the district court's decision as a "bombshell," his showing of prejudice fizzles. The practical difference between an ordinary negligence case and a premises liability case is minimal; the latter theory adds one element concerning knowledge of the danger. Under both theories, Burry first had to prove the elements of negligence. On the question of negligence, Burry had an open field on which to testify, yet the defense exposed serious problems with his case. We do not believe Burry has shown prejudice, and we see no reason to reverse the district court's denial of a motion for a new trial. See Oriental Trading Co. v. Firetti, 236 F.3d 938, 946 (8th Cir. 2001).

Burry also argues that the district court erred when it included language on intervening and superceding causes in the proximate cause instruction. See Sacco v. Carothers, 567 N.W.2d 299 (Neb. 1997). However, Sacco doesn't preclude the court from providing guidance on intervening and superceding causes; it only disapproves the giving of separate instructions on them. See Sacco, 567 N.W.2d at 306. We do not find any reversible error in the concurring cause instruction which, if anything, was more favorable to Burry. We find meritless Burry's complaints about the verdict forms. See Eighth Cir. R. 47(b).

For the reasons stated above, we affirm the district court and the judgment for the defendant.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-