# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2542

_____

B&B Hardware, Inc.,       *
      *
         Appellant,       *
      *   Appeal from the United States
        v.       *   District Court for the
      *   Eastern District of Arkansas.
Hargis Industries, Inc., doing business    *
as Sealtite Building Fasteners,       *
      *
         Appellee.       *

_____

Submitted: April 9, 2001

Filed: June 11, 2001

_____

Before WOLLMAN, Chief Judge, MURPHY, Circuit Judge, and PIERSOL,[1]
Chief Judge.

_____

WOLLMAN, Chief Judge.

B&B Hardware, Inc. (B&B) appeals from the district court's[2] entry of judgment on a jury verdict in favor of Hargis Industries, Inc., d/b/a/ Sealtite Building Fasteners, on B&B's trademark infringement claim. We affirm.

---

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota, sitting by designation.

[2]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, presiding with the consent of the parties pursuant to 28 U.S.C. § 636(c).

**I.**

B&B designs, manufactures, and markets self-sealing fasteners, including nuts, bolts, screws, rivets, and washers, under the mark of "Sealtight." In May of 1990, Larry Bogatz, co-founder of B&B, filed an application to register "Sealtight," and in January of 1992, the Patent and Trademark Office (PTO) notified B&B that "Sealtight" was eligible for federal trademark registration. The mark was placed on the Principal Register of the PTO on October 12, 1993.

Sealtite Building Fasteners (SBF), a division of Hargis Industries, Inc. (Hargis), manufactures a line of self-drilling and self-tapping screws and other fasteners that are frequently used to construct metal buildings. In June of 1996, Joe Hargis, acting on behalf of SBF, filed an application with the PTO to register the mark "Sealtite." The PTO refused to register "Sealtite," however, because of the likely confusion with B&B's trademark "Sealtight." Mr. Hargis did not challenge the PTO's decision, but in March of 1997, he filed a petition to cancel B&B's registration, citing abandonment and, in an amended petition, priority of use. In response, B&B initiated the present action and filed a motion to stay the PTO proceedings. Although the parties recite differing accounts of the ensuing events, the record reflects that the PTO cancelled B&B's registration on October 19, 1999, and reinstated the trademark approximately three months later.

The federal court action proceeded to trial, where Hargis argued, inter alia, that B&B's "Sealtight" mark was merely descriptive, rather than suggestive, and was therefore not entitled to trademark protection. Although B&B's amended complaint alleged common law trademark infringement, breach of contract, fraud, deceptive trade practices, and trademark infringement under the Lanham Act, 15 U.S.C. § 1117, B&B voluntarily dismissed the common law actions at the close of evidence, and only the Lanham Act claim proceeded to the jury. During deliberations, the jury repeatedly requested additional information regarding the definitions of descriptive and suggestive marks and eventually informed the court that it was unable to reach a decision. After an <u>Allen</u> instruction, <u>Allen v. United States</u>, 164 U.S. 492, 501 (1896), failed to break

the deadlock, the parties agreed to accept a less-than-unanimous verdict. The jury subsequently returned an 11-1 verdict in favor of Hargis, concluding, in part, that "Sealtight" was a descriptive, rather than a suggestive, mark. The court entered judgment accordingly.

## II.

B&B's sole contention on appeal is that the district court's jury instructions unfairly commented on the evidence and bolstered the testimony of a trial witness. Specifically, B&B challenges jury instruction eleven, which directed, in relevant part:

> A suggestive mark is one which employs terms which do not describe but merely suggest the feature of a product. It requires the purchaser to use his or her imagination to reach a conclusion as to the nature of the product. Examples of a suggestive mark include Gleem for the name of a toothpaste and Roach Motel for the name of a pesticide. Suggestive marks are entitled to broad trademark protection.

B&B argues that the court's use of "Roach Motel" was unfair because Walter Ames, an attorney who served as an expert witness for Hargis, testified at trial that "Roach Motel" was an example of a suggestive mark. B&B contends that the jury may have interpreted the district court's use of "the precise example" of a suggestive mark offered by Ames as an implicit endorsement of Ames's testimony as a whole, including his expressed opinion that "Sealtight" was merely a descriptive mark and therefore not entitled to trademark protection. B&B argues that in light of the jury's apparent difficulty in understanding the distinctions between suggestive and descriptive marks, and because the issue was critical to the resolution of the case, a new trial is warranted. We disagree.

The parties dispute whether B&B preserved the issue of instructional error. Because B&B's claim fails under both a plain error analysis and the less-rigorous abuse of discretion standard, however, we conclude that we need not determine whether the alleged error was properly preserved.

Under an abuse-of-discretion standard of review, we must determine whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury. Morse v. Southern Union Co., 174 F.3d 917, 926 (8th Cir. 1999). Further, "[a] district court has broad discretion in instructing the jury, and jury instructions 'do not need to be technically perfect or even a model of clarity.'" Id. (quoting Cross v. Cleaver, 142 F.3d 1059, 1067 (8th Cir. 1998)).

Our review of the instructions in their entirety reveals no abuse of discretion by the district court. Even were we to conclude that instruction eleven was confusing, we observe that elsewhere in the instructions the court clearly informed the jurors that they alone were responsible for weighing the evidence and assessing the credibility of the witnesses. The court also explicitly stated that "nothing I have said or done is intended to suggest to you [the jury] what your . . . [verdict] should be." We thus conclude that the jury instructions as a whole fairly and accurately submitted the issues in the case to the jury.

Moreover, even were we to view instruction eleven in isolation, we conclude that the court's inclusion of the "Roach Motel" example did not constitute an improper comment on the evidence or an unfair endorsement of trial testimony. As a general matter, the court's use of an example cited by a trial witness does not necessarily support the inference that the court is endorsing the testimony of that witness in part or in its entirety. Furthermore, our review of the trial transcript suggests that there was little if any chance that the jury viewed the instructions as an endorsement of Ames's trial testimony. Although Ames did testify that "Roach Motel" was an example of a suggestive mark, he explicitly informed the jury that he was doing so because "there's a case on it." Counsel for B&B referred to the "Roach Motel" during cross examination, but did not challenge Ames's testimony that it qualified as a suggestive mark. We therefore think it most unlikely that the jury equated the court's use of "Roach Motel" with an endorsement of Ames's contention that "Sealtight" was merely a descriptive mark. Finally, we observe that "Roach Motel" was only one of the

examples included by the court in instruction eleven; the court also cited the mark "Gleem" as an example of a suggestive mark. The inclusion of this additional example of a suggestive mark serves to vitiate the argument that the court's instructions endorsed Ames's testimony and therefore Hargis's theory of the case.

B&B also contends that jury instruction eleven was incorrect because "Roach Motel" is an example of a fanciful mark, not a suggestive mark. Because this argument was not raised in B&B's initial brief, we need not address it. Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994). We observe in passing, however, that we have previously cited with approval the Second Circuit's conclusion that "Roach Motel" may be a suggestive mark. Duluth News-Tribune v. Mesabi Pub. Co., 84 F.3d 1093, 1096 (8th Cir. 1996) (citing American Home Prods. Corp. v. Johnson Chem. Co., 589 F.2d 103, 106 (2d Cir. 1978)).

Our conclusion that the district court did not abuse its discretion in giving instruction eleven perforce compels a finding it was not plain error to give the instruction.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.