# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No.  00-1982

_____

| | | |
|---|---|---|
| Donald Vogt; Barbara L. Vogt, | * | |
| | * | |
| Plaintiffs - Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| Farmers Union Co-Operative | * | |
| Association, a Nebraska Co-operative | * | |
| Association; Dawson Transport Service, | * | |
| Inc. | * | |
| | * | |
| Defendants - Appellees. | * | |
| | * | Appeal from the United States |
| ---------------------------- | * | District Court for the |
| | * | District of Nebraska |
| Donald J. Vogt; Barbara L. Vogt, | * | |
| | * | [UNPUBLISHED] |
| Plaintiffs - Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| Farmers Union Co-Operative | * | |
| Association, a Nebraska Co-operative | * | |
| Association; Dawson Transport Service, | * | |
| Inc. | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: November 14, 2001

Filed: December 27, 2001
_____

Before BYE, RICHARD S. ARNOLD, and RILEY, Circuit Judges.
_____

PER CURIAM.

Donald and Barbara Vogt bring this appeal from an adverse jury verdict, and from the district court's[1] denial of their motion for new trial. The Vogts argue the district court erred in its instructions to the jury and in its refusal to grant a new trial based upon the improper jury instructions. We affirm.

Donald Vogt was a truck driver for defendant, Dawson Transport Service, Inc., a liquid fuel company. On December 9, 1994, he was delivering unleaded gasoline to defendant, Farmers Union Co-Operative Association (Farmers Union), at its Wausa, Nebraska location. The fuel was transferred from Donald's truck to underground storage tanks by inserting a 2" fuel nozzle from the truck into a 4" fill pipe leading to the underground fuel storage tanks. During this process, the nozzle dislodged allowing fuel to spill into the surrounding area. Donald was drenched in fuel which ignited resulting in serious injuries to him.

The National Fire Protection Association's standards and Nebraska law required the delivery of unleaded gasoline to underground storage tanks to be made by means of a tight fitting connection between the petroleum transfer hose and the storage tank fill pipe. The connections are designed to allow control of the flow of

_____

[1]The Honorable William Cambridge, United States District Judge for the District of Nebraska, now retired.

-2-

fuel and to prevent leakage or accidental discharge of fuel during delivery. It is uncontested Farmers Union did not have such fittings on its fill pipe.

At trial, the district court instructed the jury on a theory of premises liability. The court also instructed the jury that Farmers Union's admitted violation of the National Fire Protection Association's standard and Nebraska law was evidence which it could consider in deciding whether Farmers Union had been negligent. Plaintiffs' counsel objected, arguing the court's proposed instructions were insufficient and erroneous. Plaintiffs requested an instruction on ordinary negligence in addition to the premises liability instruction. Plaintiffs contended the uncontested violation of the applicable fire standard and Nebraska law constituted a direct and independent act of negligence, and therefore warranted a separate instruction. The district court rejected Plaintiffs' arguments and instructed the jury only on the theory of premises liability. The case was tried and the jury found no negligence. Plaintiffs' motion for new trial was denied and this appeal followed.

The appeal focuses on the district court's refusal to give a separate ordinary negligence instruction in addition to the premises liability instruction. We review a district court's decision to give particular instructions for an abuse of discretion. See Slathar v. Sather Trucking Corp., 78 F.3d 415, 419 (8th Cir. 1996). We consider whether the jury instructions, "taken as a whole and viewed in light of the evidence and applicable law, 'fairly and adequately submitted the issues in the case to the jury.'" Grain Land Coop. v. Kar Kim Farms, Inc., 199 F.3d 983, 995 (8th Cir. 1999) (quoting White v. Honeywell, Inc., 141 F.3d 1270, 1278 (8th Cir. 1998)). Even when an instruction is erroneous, we will not reverse the judgment unless the alleged error was prejudicial. See Wolfe v. Gilmour Mfg. Co., 143 F.3d 1122, 1124 (8th Cir. 1998). A new trial is warranted only if the error "misled the jury or had a probable effect on its verdict." See E.I. du Pont de Nemours & Co. v. Berkley & Co., Inc., 620 F.2d 1247, 1257 (8th Cir. 1980).

We believe the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues to the jury. Further, we conclude the Vogts' arguments to the contrary are foreclosed by our decision in Burry v. Eustis Plumbing & Heating, Inc., 243 F.3d 432, 434 (8th Cir. 2001).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.