**Linda GRAY, Plaintiff, Appellant,**

v.

**GENLYTE GROUP, INC.,
Defendant, Appellee.**

No. 01–1915.

United States Court of Appeals,
First Circuit.

June 17, 2002.

Before BOUDIN, Chief Judge,
TORRUELLA, SELYA, LYNCH, LIPEZ,
HOWARD, Circuit Judges, and
GERTNER,* District Judge.

## ORDER OF COURT

The panel of judges that rendered the decision in this case having voted to deny the petition for rehearing and the suggestion for the holding of a rehearing en banc having been carefully considered by the judges of the Court in regular service and a majority of said judges not having voted to order that the appeal be heard or reheard by the Court en banc, it is ordered that the petition for rehearing and the suggestion for a rehearing en banc be denied.

GERTNER, District Judge (concurring in the order).

I concur in denying the Petition for Rehearing.

The appellant, Linda Gray ("Gray"), sued Genlyte Group ("Genlyte") for sexual harassment. The jury found for Genlyte and Gray appealed. This Court affirmed. A petition for rehearing, with the suggestion of a rehearing en banc, was filed. It was denied by the Court en banc, and by the panel. I concur—but reluctantly—for the reasons described below.

The rehearing petition was directed to a central finding of the panel's decision —— that plaintiff's counsel had not properly

objected to the court's supplemental instructions under Fed.R.Civ.P. 51. Rule 51 requires that any objection to instructions state "distinctly the matter objected to and the grounds of the objection."

In this Circuit the rule has been strictly construed: " 'Objection' means to the instruction as given; thus, even if the initial *request* is made in detail, the party who seeks but did not get the instruction must object *again* after the instructions are given but before the jury retires for deliberations." *Gray v. Genlyte Group, Inc.,* 289 F.3d 128, 134 (1st Cir.2002) (citing *Smith v. Mass. Inst. Tech.,* 877 F.2d 1106, 1109 (1st Cir.1989)). Plaintiff's counsel here did not object with the specificity required by this Court after the supplemental instruction was given. While he submitted written proposed instructions to answer the jury's questions, and reiterated his concerns about the court's proposed instructions before the trial court delivered them, after the instructions were given, when asked if he had any objections, Gray's counsel responded, "Just simply the ones I have already stated, Your Honor." *Gray,* 289 F.3d at 133. This was not sufficient.

As a result, the standard of review was "plain error," rather than the usual appellate standard. Although this Court found that there were flaws in the supplemental instruction, Gray's appeal failed because the flaws did not meet the more stringent standard.

The Court en banc has made it clear that it does not wish to reconsider its position with respect to Rule 51, and, given that position, denial of Gray's petition is inevitable. While I reluctantly concur, I would urge the court to reevaluate that position.

On rehearing, Petitioner focuses on this Circuit's interpretation of Rule 51, which

---

* Of the District of Massachusetts, sitting by designation.

the panel decision acknowledged "may seem harsh," 289 F.3d 128, 2002 WL 553572, and, in this case, was dispositive. To the Court sitting en banc, Petitioner urged that the Court reconsider its position on Rule 51 objections, noting that *"every* other Circuit recognizes an exception to the general rule that objections must be stated after the charge is given, where restating objections after a jury charge would be a mere formality and unavailing." Petitioner's Brief at 8. To the panel, Petitioner noted that even if the Circuit's policy were to remain unchanged, the Court has recognized an exception in *Wilson v. Mar. Overseas Corp.*, 150 F.3d 1 (1st Cir.1998), into which this case can fit. In *Wilson,* the Court found that an objection made prior to the jury charge may be preserved where "it is shown that the district court had actual notice of the nature and grounds of the objections." 150 F.3d at 9.

The Second through the Eleventh and District of Columbia Circuits—to varying degrees—recognize that objections do not have to be restated where, as here, restating such objections after the charge would be a mere formality. *Thornley v. Penton Publishing, Inc.,* 104 F.3d 26, 30 (2d Cir. 1997); *Smith v. Borough of Wilkinsburg,* 147 F.3d 272, 277 (3d Cir.1998); *Eberhardt v. Integrated Design & Constr., Inc.,* 167 F.3d 861, 866 n. 1 (4th Cir.1999); *City of Richmond v. Madison Mgmt. Group, Inc.,* 918 F.2d 438, 453 (4th Cir.1990); *Russell v. Plano Bank and Trust,* 130 F.3d 715, 720 (5th Cir.1997); *Preferred RX, Inc. v. American Prescription Plan, Inc.,* 46 F.3d 535, 547 (6th Cir.1995); *Lawson v. Trowbridge,* 153 F.3d 368, 372 (7th Cir.1998); *Brown v. Sandals Resorts Int'l,* 284 F.3d 949, 953 n. 6 (8th Cir.2002); *Gulliford v. Pierce County,* 136 F.3d 1345, 1348 (9th Cir.1998); *Gunnell v. Utah Valley State Coll.,* 152 F.3d 1253, 1262 n. 5 (10th Cir. 1998); *Farley v. Nationwide Mut. Ins. Co.,* 197 F.3d 1322, 1329 (11th Cir.1999);

*Perkinson v. Gilbert/Robinson, Inc.,* 821 F.2d 686, 693 (D.C.Cir.1987); *see also Sunkist Growers, Inc. v. Winckler & Smith Citrus Prods. Co.,* 370 U.S. 19, 27, 82 S.Ct. 1130, 8 L.Ed.2d 305 (1962) (objections preserved where, although petitioners acquiesced in additional instructions after general charge, counsel and trial court held conferences prior to charge to discuss instructions at which counsel objected to instructions and requested other instructions, court had consistently ruled adversely to counsel on point at issue, and after court delivered charge it told counsel that prior objections would be preserved).

For example, the Ninth Circuit has held that an objection to a jury instruction is a pointless formality, not required to preserve the issue for appeal, when 1) throughout the trial the party argued the disputed matter with the court, 2) it is clear from the record that the court knew the party's grounds for disagreement with the instruction, and 3) the party offered an alternative instruction. *Voohries–Larson v. Cessna Aircraft Co.,* 241 F.3d 707, 714–15 (9th Cir.2001).

In contrast, the First Circuit's rule is so rigorous that it has permitted few exceptions to it. *See Harrington v. United States,* 504 F.2d 1306, 1316–17 (1st Cir. 1974) (objections were preserved by brief post-charge statement on the record, where parties had discussed the requested instructions with the judge at length but off the record). The Court cautioned that even in a situation like *Harrington*—objections following an off-the-record charge conference—"[w]e warn parties that there is a heavy burden upon them in such event to show that [objections were] done with sufficient specificity and distinctness, and we caution district courts to be slow in tolerating such procedure." *Wilson,* 150 F.3d at 7 (citing *Dunn v. St. Louis–San Francisco Ry. Co.,* 370 F.2d 681, 685 (10th Cir.1966)).

In *Wilson*, which petitioner emphasizes, counsel objected to the district court's failure to give an instruction on contributory negligence. Long before the jury was charged, the trial judge had made it clear that he did not believe that there was enough evidence to require an instruction on contributory negligence. Nevertheless, the defendant provided the court with instructions on the subject. After closing argument, when counsel sought to raise the issue again, the judge noted: "You listen to my instructions. I am sure you won't like them, but you can save your rights after I am through." *Id.* at 9. Following the final charge, the defendant's counsel generally renewed his objection to the instructions, but did so in a fashion that the court found "might well be insufficient to satisfy Rule 51." Nevertheless, in the context of the case, the First Circuit found that the trial court was "well aware of the grounds for the defendants' objections to the lack of instructions on comparative negligence," 150 F.3d at 8, and, indeed, discouraged counsel from rehashing the objections. 150 F.3d at 9.

The petitioner would extrapolate from the language in *Wilson* to create a broad exception to Rule 51—namely, when the context makes it clear that the court was sufficiently apprized of counsel's objection. But that approach would effectively transform the *Wilson* "exception" into the rule of other circuits. Whereas other courts will always look to the context to determine if the trial court was in fact aware of the grounds for the objections, and determine whether restatement was necessary, this court requires that specific words be spoken after the charge.**

The determination of the Circuit sitting en banc plainly drives the outcome of this petition for rehearing. I write only to urge the court to take a look at this policy again, particularly given the experience of other circuits.

Rule 51 was intended to redress a very practical problem: giving the judge information quickly and concisely, before the jury retires to deliberate, so that she can correct any errors in the charge. It should be enforced with a view to the same practicalities. In this case, counsel's omission —— especially given his zealous efforts just before the charge, addressed to the judge's proposed instructions—should not raise the bar for the consideration of substantial appellate issues.

---

** Two aspects of *Wilson* suggest that the Court did not intend an exception of the breadth suggested by Gray's counsel: In *Wilson*, the content of the contributory negligence charge was not at issue. The only question was whether there should be such a charge at all, in effect, a "yes" or "no" vote. There were no complex questions of phrasing or nuance. Moreover, the court's position—both on the merits and its unwillingness to hear further argument—was clear. Nevertheless, the First Circuit characterized *Wilson* as a "close" case.