# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2494

_____

Charles Harrell,                                   *
                                                   *
       Plaintiff/Appellee,                  *
                                                   *
    v.                                       *
                                                   *  Appeal from the United States
Madison County Mississippi Mote                    *  District Court for the
Co., Inc.,                                         *  Western District of Arkansas.
                                                   *
       Defendant/Appellant,                 *
                                                   *
_____                            *
                                                   *
Agricultural Group Self-Insurer Fund,              *
                                                   *
       Intervenor/Appellee.                 *

_____

Submitted: February 12, 2004

Filed: June 4, 2004

_____

Before LOKEN, Chief Judge, BOWMAN, and WOLLMAN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Madison County Mississippi Mote Co., Inc. (Madison) appeals from the jury verdict entered in favor of Charles Harrell, arguing that the district court erred in

instructing the jury. Because we conclude that the instructions did not fairly and adequately submit the case to the jury, we reverse and remand for new trial.

Harrell was employed by Parkdale Gin Company (Parkdale) in Parkdale, Arkansas. In 1992, Parkdale and Madison entered into a contract whereby Madison agreed to install and maintain a mote system[1] at the gin site. On May 27, 1999, Harrell was severely burned when a fuse box that powered the mote system exploded as he turned the power back on after installing three new fuses. He filed suit against Madison, alleging negligence and product liability. At the close of the evidence, the district court concluded that because there had been no evidence presented of a defect in the mote system's design or manufacture, only two claims remained: common law negligence and product liability premised on a failure to warn. The following instructions were given to the jury over Madison's objection:[2]

Instruction No. 20:

"Unreasonably dangerous" means that a product is dangerous to an extent beyond that which would be contemplated by the ordinary and reasonable buyer, consumer or user who acquires or uses the product, assuming the ordinary knowledge of the community or of similar buyers, users, or consumers as to its characteristics, propensities, risks, dangers,

---

[1]A mote is a short cotton fiber, which is usually discarded during the ginning process. However, where, as here, the gin is equipped with a mote system, motes can be captured, processed, and baled for sale or use. Motes are commonly used in, among other things, the manufacture of some paper products.

[2]Harrell contends that this issue may not have been preserved for appeal. An objection to a jury instruction or to the district court's failure to give a necessary instruction, must comply with Fed. R. Civ. P. 51. Having reviewed the transcript of the charge conference, we conclude that Madison's objection to the challenged instructions was sufficient for the purposes of Rule 51. Lighting & Power Servs. Inc. v. Roberts, 354 F.3d 817, 820 (8th Cir. 2004).

and proper and improper uses, as well as any special knowledge, training, or experience possess [sic] by the particular buyer, user, or consumer or which he or she was required to possess.

Instruction No. 21:

"Defective Condition" means a condition of a product that renders it unsafe for reasonably foreseeable use.

Instruction No. 22:

Charles Harrell ... has the burden of proving ... [t]hat the mote system was supplied in a defective condition which rendered it unreasonably dangerous ... . With respect to proof of a defective condition, if you find that in the normal course of events no injury would have occurred in the absence of some defect, then you are permitted, but not required, to infer that a defect existed.

The jury found in favor of Harrell on both claims. The question raised on appeal is whether these instructions, when read in the context of the instructions as a whole, permitted the jury to base its verdict on a theory of liability not supported by the evidence. We conclude that they did.

We review the district court's jury instructions for abuse of discretion. Brown v. Sandals Resort Intern., 284 F.3d 949, 953 (8th Cir. 2002). Our review is limited to a determination of whether the instructions fairly and accurately present the evidence and law to the jury given the issues in the case. Id. Where a party contends that an instruction was improperly given to the jury, reversal is appropriate only where the erroneously given instruction affects substantial rights. Id. Reversal in this case is therefore required only if Madison was prejudiced by the absence from Instruction No. 22 of additional language that would properly have limited the jury's product liability inquiry to the facts established by the evidence.

-3-

Under the Arkansas product liability statute, "a supplier of a product is strictly liable for an injury caused by the product if (1) the product is in a defective condition that rendered it unreasonably dangerous, and (2) the defective condition was a proximate cause of the injury." Boerner v. Brown & Williamson Tobacco Co., 260 F.3d 837, 842 (8th Cir. 2001) (discussing Ark. Code Ann. § 4-86-102 and the applicable definitions codified in Ark. Code Ann. § 16-116-102). The plaintiff may prove the product's defective condition by showing defective design, defective manufacture, or inadequate warning. Id. Here, the district court found that there was no evidence of a defect in the mote system's design or manufacture. The jury's product liability inquiry thus should have been limited by the instructions to the adequacy of the warnings, if any, on the mote system and fuse box. The absence of such a limiting instruction improperly permitted the jury to premise liability on factually unsupported theories – defect in design or defect in manufacture.[3] Thus, the overly expansive product liability instruction may have tainted the jury's negligence verdict because Instruction No. 22 permitted the jury to infer that the mote system was in a defective condition, making it unreasonably dangerous.

If submitted to a jury on properly worded instructions, the evidence in this case might well support a verdict in Harrell's favor. As it is, however, the verdict leaves us with no way to determine whether or not the jury based its finding of liability on an impermissible ground, and thus we cannot affirm on the basis that the jury's negligence verdict was unaffected by the erroneous instruction. Webber v. Sobba, 322 F.3d 1032, 1038 (8th Cir. 2003).

---

[3]At oral argument, Harrell's counsel maintained that other instructions limited the product liability inquiry to the adequacy of any warnings. Those instructions, however, relate only to the negligence claim and therefore did not have the effect of limiting the challenged instruction.

The judgment is reversed, and the case is remanded to the district court for retrial in accordance with the views set forth in this opinion.

_____