**HERBER et al. v. JONES.**

Civ. No. 4990.

United States District Court
W. D. Oklahoma.

Aug. 31, 1951.

1946, showing a net income of $458.82 on which no tax was paid as the personal exemptions exceeded the net income shown on the return.

"2. The net income disclosed by the original return for 1945 was composed of the following items:

(a) Finley & Herber, Partnership     $8,423.25
(b) Loss From Farming     (7,314.29)

Adjusted Gross Income     $1,108.96
Less: Oklahoma Income Tax     650.14

Net Income     $ 458.82

"3. In his report advising of a deficiency in tax, dated May 31, 1948, the Revenue Agent, Travis E. Rattan, made the following adjustments to net income:

(a) Partnership income increased     $ 9,002.33
(b) Farm loss decreased     4,170.91

Increase in net income     $13,173.24

"4. The following adjustment was made in the report advising of an increase in net income of the Finley and Herber Partnership, for 1945:

(a) Net income as disclosed by return     $ 16,846.49
As corrected     34,851.16

$ 18,004.67
(b) Car purchases decreased     $ 11,247.59

Explanation of Adjustment:
Purchases per actual disbursement     $254,143.33
Add: Trade-Ins     40,416.50

Total     $294,559.83
Less: Over-ceiling amounts paid for cars     14,746.34

$279,813.49
Purchases claimed on return     $291,061.08
Purchases corrected     279,813.49

Adjustment     $ 11,247.59

"Defendant does not stipulate that the item 'over-ceiling amounts paid for cars

Reynolds & Ridings, Oklahoma City, Okl. for plaintiff.

Robert E. Shelton, U. S. Atty., Oklahoma City, Okl. for defendant.

RICE, Chief Judge.

The above matter came on for a pre-trial hearing on the 4th day of May, 1951.

### Findings of Fact

I.

Prior to the pre-trial, parties entered into a written stipulation of facts as follows:

"It is hereby stipulated (without limiting either party in the presentation of any other items of proof, either related or unrelated to the matters herein referred to) as follows:

*"First Cause of Action*

"1. The plaintiffs filed a joint income tax return as Mr. and Mrs. H. S. Herber for the calendar year 1945 on March 15,

$14,746.34'. is true, but expects plaintiffs to prove that the amount of $14,746.34 does in fact represent over-ceiling amounts paid for cars. None of the other adjustments made are at issue.

"5. The notice advising of a deficiency disclosed additional tax due in the amount of $3,850.75 and a 5% negligence penalty of $192.54 which was paid on November 17, 1948, to H. C. Jones, Collector of Internal Revenue for the District of Oklahoma.

"6. The plaintiffs filed a claim for refund on February 10, 1949, within the statutory period in the amount of $2,772.75, which consisted of $2,640.71 income tax and $132.04 negligence penalty. This claim was denied by the Commissioner of Internal Revenue on November 4, 1949.

"Second Cause of Action

"1. The plaintiffs filed a joint income tax return for 1946 as H. S. and Maurine Herber on March 15, 1947, showing a net income of $2,178.31 on which income tax was paid in the amount of $128.88.

"2. The net income disclosed by the original return for 1946 was composed of the following items:

| | | |
|---|---|---|
| (a) Income from used car business | | $5,271.40 |
| (b) Loss from farming | | (6,747.34) |
| (c) Finley & Herber, Partnership | | 3,929.57 |
| Adjusted Gross Income | | $2,453.63 |
| Less: Ad valorem and sales tax | 98.00 | |
| Medical expense | 177.32 | 275.32 |
| Net income per return | | $2,178.31 |

"3. In his report advising of a deficiency in tax, dated May 31, 1948, Travis E. Rattan made the following adjustments to net income:

| | |
|---|---|
| (a) Business income increased | $ 4,597.26 |
| (b) Farm loss decreased | 4,175.73 |
| (c) Medical expense disallowed | 177.32 |
| (d) Partnership income increased | 1,723.49 |
| | $10,673.80 |

"4. The following adjustment to business income was made in the report dated May 31, 1948, advising of an increase in business income for 1946:

| | |
|---|---|
| Purchases per return | $91,314.01 |
| Less: over-ceiling payments for cars | 3,993.59 |
| Purchases corrected | $87,320.42 |

"Defendant does not stipulate that the item 'over-ceiling payments for cars $3,993.59' is true, but expects plaintiffs to prove that the amount of $3,993.59 does in fact represent over-ceiling amounts paid for cars. Other adjustments made to business income are not at issue.

"5. The following adjustment was made in his report dated May 31, 1948 advising of an increase in net income of the Finley & Herber partnership:

| | |
|---|---|
| Purchases per actual disbursements | $47,791.31 |
| Add: Trade-ins | 9,248.75 |
| Total | $57,040.06 |
| Less: Over-ceiling payments for cars | 3,584.20 |
| Purchases corrected | $53,455.86 |
| Purchases per return | $55,446.35 |
| Purchases corrected | 53,455.86 |
| Adjustment | $ 1,990.49 |

"Defendant does not stipulate that the item 'over-ceiling payments for cars $3,584.20' is true, but expects plaintiffs to prove that the amount of $3,584.20 does in fact represent over-ceiling amounts paid for cars. No other adjustments to partnership income are at issue.

"6. The adjustment disallowing the medical expense deduction is not at issue.

"7. The notice advising of a deficiency disclosed additional tax due of $2,867.23 and a 5% negligence penalty of $143.36, which was paid to H. C. Jones, Collector of Internal Revenue for the District of Oklahoma on November 17, 1948.

"8. The plaintiffs filed a claim for refund on February 10, 1949, within the statutory period in the amount of $1,901.77 which consisted of $1,811.21 income tax and $90.56 negligence penalty. This claim was denied by the Commissioner of Internal Revenue on November 6, 1949."

II.

At the pre-trial hearing the defendant filed an amended answer and attached to the amended answer a copy of a waiver which the plaintiffs had filed, said waiver being as follows:

"Form 870
Treasury Department
Internal Revenue Service
   (Revised June 1941)

"Waiver of Restrictions on Assessment and Collection of
Deficiency in Tax

"Pursuant to the provisions of section 272(d) of the Internal Revenue Code [26 U.S.C. § 272(d)], and/or the corresponding provisions of prior internal revenue laws, the restrictions provided in section 272(a) of the Internal Revenue Code, and/or the corresponding provisions of prior internal revenue laws, are hereby waived and consent is given to the assessment and collection of the following deficiency or deficiencies in tax:

taxable year ended Dec. 31, 1943 income tax in the sum of $ 3,711.12
taxable year ended Dec. 31, 1944 income tax in the sum of $11,136.40
taxable year ended Dec. 31, 1945 income tax in the sum of $ 3,850.75
taxable year ended Dec. 31, 1946 income tax in the sum of $ 2,867.23
amounting to the total sum of                                    $21,565.50.

together with interest thereon as provided by law.

| Penalties as follows: | 50% Penalty | 5% Penalty |
|---|---|---|
| Taxable year ended Dec. 31, 1943 | $1,855.56 | |
| Taxable year ended Dec. 31, 1944 | 5,568.20 | |
| Taxable year ended Dec. 31, 1945 | | 192.54 |
| Taxable year ended Dec. 31, 1946 | | 143.36 |
| | $7,423.76 | $335.90 |

$7,759.66

Total Income Tax and Penalties...................... $29,325.16

"The taxpayer agrees: (1) To make payment of the deficiency, together with interest as provided by law; (2) not to file or prosecute any claim for refund for income taxes for the years 1943–1944–1945–and 1946; and (3) upon request of the Commissioner, to execute at any time a final closing agreement as to the tax liability on the foregoing basis for the said years under the provisions of Section 3760 of the Internal Revenue Code.

"_____
             Taxpayer

             Taxpayer

             Taxpayer
          3009 N. W. 19th,
       Okla. City, Oklahoma.
"Date ——— By ———.""

### III.

Thereafter, at the pre-trial hearing it was admitted by the parties that there remained no issues of fact, and that the sole issues remaining in the case were two legal questions: (1) whether or not the plaintiffs by signing the waiver set forth in Finding No. II were precluded from bringing this action; (2) whether or not the plaintiffs, in the conduct of their automobile business, were entitled to include as a part of the cost of their automobiles amounts paid in excess of ceiling prices. It was agreed by the parties that the disallowance of sums paid for automobiles in excess of ceiling prices resulted in an increase in the plaintiffs' taxes in the exact amount sued for. It was further agreed that such sums were disallowed as part of the cost of the automobiles because of the ruling of the Internal Revenue Department, I.T. 3724, 1945–7–12–010, to the effect that amounts paid in excess of the ceiling prices established by the Office of Price Administration may not be allowed either as a part of the cost of the goods sold or as a business deduction in computing income taxes. It was further agreed that if such sums should be considered as a part of the costs of the automobiles, plaintiffs were entitled to recover unless precluded by reason of the execution of the waiver above mentioned.

### IV.

The parties thereupon submitted the cause for decision upon the written stipulation and subsequent oral statements made at the pre-trial hearing and thereupon briefed the legal questions involved.

### Conclusions of Law

#### I.

This court has jurisdiction of the parties and subject matter of the action.

#### II.

■ Plaintiffs are not barred or precluded from maintaining this action by reason of signing the waiver set forth in Findings of Fact No. II.

### III.

■ Plaintiffs, by their admission, violated the provisions of the Emergency Price Control Act, 56 U.S.Stat. 23. Upon conviction in an appropriate action, under Section 205 of said Act, 50 U.S.C.A.Appendix, § 925, both fine and imprisonment might have been imposed. To sustain the contention of the Government would in effect be imposing a penalty in this action for violating the Emergency Price Control Act.

### IV.

Congress, by the Sixteenth Amendment to the Constitution, was empowered "to lay and collect taxes on incomes, from whatever source derived * * *." Gross income, for the purpose of this action, includes gains and profits derived from the sales of the automobiles in question, 26 U.S.C. § 22. Money actually paid, although in excess of the prevailing ceiling price, for the purchase price of an article cannot be classified as a gain, profit or income.

### V.

The action of the Internal Revenue agent in deducting sums paid in excess of the ceiling price from the purchase price of the automobiles in question was and is without authority of law. The Court of Tax Appeals has so held in at least two cases; Sullenger v. C. I. R., 11 T.C. 1076, and McCullough v. C. I. R., Tax Court Memo dated July 14, 1949.

### VI.

Plaintiffs under the stipulation and admitted facts are entitled to a judgment on each cause of action in the amount sued for.

Attorney for the plaintiffs will prepare an appropriate Decree in conformity with the foregoing Findings of Fact and Conclusions of Law and submit to the court for signing and entering in the United States District Courtroom, Federal Building, Oklahoma City, Oklahoma, at two p. m., September 10, 1951.