# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1593

_____

| | | |
|---|---|---|
| Charles A. Colosimo, Sr., | * | |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| United States of America | * | |
| | * | |
| Defendant/Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| United States of America, | * | District of Iowa. |
| | * | |
| Counter Claimant/Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Charles A. Colosimo, Sr., | * | |
| | * | |
| Counter Defendant/Appellant, | * | |
| | * | |
| Carolyn Colosimo, | * | |
| | * | |
| Counter Defendant. | * | |

_____

Submitted: October 21, 2010
Filed: January 25, 2011

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Charles Colosimo appeals from the judgment of the district court[1] granting summary judgment in favor of the United States in this tax case involving unpaid employment taxes. We affirm.

## I.    BACKGROUND

Colosimo was president and treasurer of a business called C & C Distribution, in Des Moines, Iowa. Colosimo, his wife Carolyn, their son, and a bookkeeper, Andrew Gillaspey, primarily ran the company, which leased storage space and operated truck delivery services. The company employed around thirty employees. Colosimo and Carolyn each owned fifty percent of the company's stock between 2001 and 2004. The two also co-owned a company called C & C Realty, which leased space to C & C Distribution for approximately $56,000 per month.

In 2003, Colosimo received Internal Revenue Service notices that C & C Distribution had not filed federal unemployment and employment tax returns for various quarters in the calendar years 2000, 2001, and 2002. Colosimo forwarded the notices to Wendy Wiedner, the company's outside accountant, who testified that, when she received the notices, she thought that there was a bureaucratic mix-up with a federal identification number. However, Wiedner later discovered the extent of the unpaid employment tax liability, and informed Colosimo and Gillaspey in June 2004 that C & C Distribution had a large debt for these unpaid taxes.

C & C Distribution stopped operating its delivery and storage services in September 2004, but continued to disburse funds through its local bank account until December 2005, including paying creditors more than $1.5 million between June 2004

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

and December 2005.  Within those creditor payments were payments totaling more than $300,000 to C & C Realty.  In September 2008, Colosimo sued the IRS seeking a refund of the $100 penalty resulting from an assessment of more than $700,000 in unpaid federal employment taxes and penalties arising out of his business operations.  The IRS counterclaimed against him, Carolyn, and Gillaspey[2] for the unpaid balances of assessments due, and all parties moved for summary judgment.  Colosimo argued to the district court that he was not responsible for the tax liability because he had been duped by Gillaspey.  The district court granted Carolyn's motion for summary judgment, but found in favor of the IRS against Colosimo.  The district court found that Colosimo was a "responsible person" within the meaning of the tax laws, and that Colosimo acted "willfully" when he failed to pay over the taxes in question.  On appeal, Colosimo repeats his arguments that due to the actions of Gillaspey, he was neither responsible nor willful, and adds that the district court improperly weighed material facts and made credibility determinations in coming to the opposite conclusion.

## II.    DISCUSSION

Federal law requires employers to withhold income, Social Security and Medicare tax from their employees' wages at the time that the wages are paid to the employees. 26 U.S.C. §§ 3101, 3102(a), (b), 3402, 3403.  The withheld taxes are held in trust by the employer, to be remitted to the IRS at the appropriate intervals. 26 U.S.C. § 7501.  Because the withheld taxes are held in trust by the employer, the funds may not be used for any other purpose.  Slodov v. United States, 436 U.S. 238, 243 (1978).  If these taxes are not timely paid to the government, it can pursue the company's officers individually for the unpaid taxes, penalties and interest. Id. at 244-45. 26 U.S.C. § 6672(a) states, in part:

---

[2]The United States voluntarily dismissed Gillaspey in December 2008.

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

A "person" within the meaning of § 6672 includes an officer or employee of a corporation who is under a duty to perform the act with respect to the alleged violation. 26 U.S.C. § 6671(b). "To incur liability under 26 U.S.C. § 6672, an individual must be a responsible person and must willfully fail to pay over the taxes in question." Ferguson v. United States, 484 F.3d 1068, 1072 (8th Cir. 2007). "A responsible person is someone who has the status, duty and authority to avoid the corporation's default in collection or payment of the taxes." Id. (internal quotation omitted). We review the district court's summary judgment decision, as well as its responsible-person and willfulness findings de novo. Id.

The district court did not err in finding Colosimo to be a responsible person. Colosimo was president and treasurer, a member of the Board of Directors, and a fifty percent shareholder of C & C Distribution. Colosimo had check-signing authority and exercised that authority. Moreover, Colosimo decided which creditors the company would pay and had the authority to hire and fire employees. Colosimo signed C & C Distribution's federal income tax returns, he discussed unpaid tax liabilities with accountant Wiedner, and he had authority to borrow money and make large expenditures on the company's behalf. See id. (noting that "responsibility" for purposes of § 6672 is a matter of status, duty and authority within the corporation or organization). Whether Gillaspey likely may have also been "responsible" is immaterial to Colosimo's liability. Jenson v. United States, 23 F.3d 1393, 1395 (8th Cir. 1994) (upholding grant of summary judgment against the company founder, officer and director with check-signing authority whose company was the victim of embezzlement because malfeasance by a subordinate did not relieve a person with

status and authority from being a "responsible person"). Accordingly, Colosimo had the status, duty and authority within C & C Distribution to be a responsible person for purposes of § 6672, even assuming, for summary judgment purposes, that Colosimo did not know of the unpaid tax liability until June 2004. See Barton v. United States, 988 F.2d 58, 60 (8th Cir. 1993) (noting that knowledge is irrelevant to issue of whether individual is a "responsible person" within the meaning of § 6672). Colosimo's knowledge does, however, come into play on the issue of whether he acted willfully.

A person willfully fails to pay over taxes if he acts or fails to act consciously and voluntarily, knowing or intending that as a result of his action or inaction trust funds belonging to the government will not be paid, but instead will be used for other purposes. Ferguson, 484 F.3d at 1072-73. Acting with a reckless disregard of a known or obvious risk that trust funds will not be remitted to the government is also willful. Id. at 1073. "The term willfully does not connote a bad or evil motive, but rather means a voluntary, conscious, and intentional act, such as the payment of other creditors in preference to the United States." Honey v. United States, 963 F.2d 1083, 1087 (8th Cir. 1992) (quotation omitted). Willfulness is generally a question of fact, but if a responsible person knew of payments to other creditors after he was aware of the failure to pay over withholding taxes to the government, his actions are willful as a matter of law. Id.

The district court found that prior to June 2004, for purposes of summary judgment, Colosimo did *not* know of the unpaid tax liability, and therefore could not have acted willfully. However, since Colosimo admitted that he met with Wiedner and discussed the unpaid tax liability in June 2004, and then also undisputedly knew of funds paid to other creditors after that time, Colosimo acted willfully as a matter of law, as described in Honey. We agree with the district court's analysis on this point and affirm its holding that Colosimo acted willfully.

Colosimo argues that contractual obligations to turn over funds to bank creditors and C & C Realty kept his actions from being willful. We disagree. Colosimo's motives did not need to be evil to be willful, but simply voluntary, conscious, and intentional. Id. It is true that in Honey we noted that when funds are encumbered by an entity holding a security interest that restricts the taxpayer from using funds to pay trust fund taxes, the taxpayer does not act willfully by failing to use those funds to pay the taxes. Id. at 1087-89. The encumbered funds situation is not present here, however. In deposition testimony, Colosimo could not recall the bank imposing any limitation on C & C Distribution's ability to pay trust fund taxes. A bank employee stated in a declaration that there was no such limitation. More pertinently, C & C Distribution's bank records reflect that numerous creditors were paid after June 2004, and Colosimo does not attempt to argue, nor could he argue, that each of these creditors encumbered his ability to pay the government. Accordingly, Colosimo's actions were willful.

## III.  CONCLUSION

We affirm the judgment of the district court.

_____