# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2741

_____

Virgil Moore,                                    *
                                                 *
            Appellant,                     *
                                                 *    Appeal from the United States
   v.                                            *    District Court for the
                                                 *    Southern District of Iowa.
United States of America,                        *
                                                 *
            Appellee.                      *

_____

Submitted: April 12, 2011
Filed: August 5, 2011

_____

Before RILEY, Chief Judge, BENTON and SHEPHERD, Circuit Judges.

_____

RILEY, Chief Judge.

A jury found Virgil Moore responsible for trust fund recovery penalties imposed by the Internal Revenue Service (IRS or government) pursuant to 26 U.S.C. (I.R.C.) § 6672 for unpaid employment taxes owed by Iowa Trade Bindery, Inc. (ITB). On July 8, 2010, the district court[1] entered judgment on the jury verdict. Moore appeals the judgment and "all adverse rulings and orders in this case." We affirm.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

## I.    BACKGROUND

Moore, a licensed attorney, owned 50% of the now-defunct ITB and served as its vice president, secretary, and treasurer. John D. Harris, ITB's president and owner of the other 50% of the company, was primarily responsible for managing ITB's day-to-day operations. Moore had a more limited management role but joined Harris in formulating business strategy and making financial decisions.

In 2002, the IRS notified Harris that ITB was delinquent in paying trust fund taxes withheld from its employees' wages. In early 2003, Harris and Moore began discussing the unpaid taxes and developing a strategy for improving ITB's deteriorating financial condition. On July 30, 2003, Moore, Harris, and ITB's bookkeeper met with IRS Officer Rebecca Denning to discuss paying the delinquent taxes under an installment agreement. Officer Denning advised Moore and Harris, if they failed to pay the delinquent taxes, the IRS would levy ITB's bank accounts and seize its assets.

During the meeting, Moore signed IRS Form 2751 (labeled "Proposed Assessment of Trust Fund Recovery Penalty") for the second and fourth quarters of 2002 and the first quarter of 2003.[2] Moore's typed name, address and social security number appear in the space provided for the "Name and Address of Person Responsible." Moore signed the form in a box labeled "Signature of person responsible." Just above Moore's signature, the Form 2751 states the signatory "consent[s] to the assessment and collection of the total penalty shown, which is equal . . . to the amount of Federal employment taxes withheld from employees wages . . . and which was not paid over to the Government by [ITB]" and "waive[s] the 60 day restriction on notice and demand set forth in [I.R.C. §] 6672(b)."

---

[2]Moore did not sign Form 2751 for the other three quarters involved in this appeal.

In 2005 and 2006, the government assessed trust fund penalties against Moore for the first and second quarters of 2003 and the first and fourth quarters of 2004. Later in 2006, Moore filed claims for refunds and requests for abatement of those trust fund penalties, which the government denied. On April 27, 2007, Moore filed this recovery action in the district court. The government counterclaimed, alleging "Moore was a person responsible for collecting, accounting for, and paying . . . federal employment taxes withheld from the wages" of ITB's employees for the quarters at issue.

Moore answered the government's counterclaim and asserted affirmative defenses, including (1) the statute of limitation expired, (2) Moore was not a responsible person, and (3) the assessment was erroneous and inaccurate. Moore and the government each filed cross motions for summary judgment, which the district court denied.

On June 22, 2009, Moore moved in limine to exclude, among other things, the Form 2751 and any evidence of its effects, asserting the form was "improperly obtained," irrelevant, prejudicial and confusing to the jury. The district court denied Moore's motion, reserving several issues for trial. The government also filed a motion in limine to exclude certain statements by government employees, which the district court granted in part.

On July 27, 2009, the district court began a three-day jury trial. At trial, Moore again objected to the admission of the Form 2751, and requested several changes to the jury instructions and verdict form. The district court overruled Moore's objections.

Denying responsibility for ITB's employment taxes, Moore testified he did not understand Form 2751 and only signed the form because Officer Denning threatened to close ITB that day if he refused. Officer Denning denied threatening Moore, and opined that by signing Form 2751, Moore agreed he was a responsible person and

consented to the assessment. ITB employees present at the July 30, 2003 meeting testified Officer Denning acted professionally and did not raise her voice or behave in an intimidating manner.

On July 29, 2009, the jury found Moore was "a responsible person for paying [ITB's] trust fund taxes" and willfully failed to pay them for each of the quarters at issue. The jury also found Moore signed Form 2751 voluntarily and without duress or coercion.

The district court denied Moore's post-trial motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) and for a new trial pursuant to Fed. R. Civ. P. 59(a). On July 8, 2010, the district court entered judgment in favor of the government. Moore appeals.

## II. DISCUSSION

Federal law requires employers to withhold income, social security and Medicare taxes from their employees' wages and hold those taxes in trust until remitted to the government. See I.R.C. §§ 3101, 3102, 3402, 7501. "If these taxes are not timely paid to the government, [the government] can pursue the company's officers individually for the unpaid taxes, penalties and interest." Colosimo v. United States, 630 F.3d 749, 752 (8th Cir. 2011) (explaining I.R.C. § 6672(a)).

"To incur liability under [I.R.C.] § 6672, an individual must be a responsible person and must willfully fail to pay over the taxes in question." Id. (quoting Ferguson v. United States, 484 F.3d 1068, 1072 (8th Cir. 2007) (internal quotation marks omitted)). "Under § 6672, '[a] responsible person is someone who has the status, duty and authority to avoid the corporation's default in collection or payment of the taxes.'" Oppliger v. United States, 637 F.3d 889, 893 (8th Cir. 2011) (quoting Ferguson, 484 F.3d at 1072). "More than one person may be a responsible person under § 6672 and

delegating the responsibility of managing funds does not relieve one of his responsibilities." Id.

### A. Form 2751

The crux of Moore's appeal is his contention the district court erred in admitting Form 2751 and Officer Denning's testimony about the form, and improperly instructed the jury on the "purpose, meaning, and effect of Form 2751." According to Moore, "the prejudicial effect of the inclusion of Form 2751 and the improper jury instructions" deprived him of a fair trial. We disagree.

We review the district court's evidentiary rulings and denial of Moore's "motion for a new trial for abuse of discretion, giving great deference to the district court's ruling[s]." Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1059 (8th Cir. 2005). "The crucial determination is whether a new trial should have been granted to avoid a miscarriage of justice." Zebley v. Heartland Indus. of Dawson, Inc., 625 F.3d 449, 458 (8th Cir. 2010) (quoting PFS Distribution Co. v. Raduechel, 574 F.3d 580, 589 (8th Cir. 2009) (internal quotation marks omitted)).

We also review the "district court's jury instructions for an abuse of discretion." McCoy v. Augusta Fiberglass Coatings, Inc., 593 F.3d 737, 744 (8th Cir. 2010). "Our review is limited to whether the jury instructions, taken as a whole, fairly and adequately represent the evidence and applicable law in light of the issues presented to the jury in a particular case." Id. (quoting Brown v. Sandals Resorts Int'l., 284 F.3d 949, 953 (8th Cir. 2002)). "[W]e will reverse 'only where the error affects the substantial rights of the parties.'" Id. at 745 (quoting Brown, 284 F.3d at 953).

The government contends the Form 2751 Moore signed on July 30, 2003 was relevant to show Moore (1) considered himself, at least at the time he signed the form, to be a responsible person with respect to the taxes ITB owed for the first quarter of 2003 and consented to the assessment, and (2) "was aware of the delinquent trust fund

taxes (at the latest) when he signed it, which is relevant to whether he willfully failed to pay over the trust fund taxes, and, instead, paid other creditors." See Fed. R. Evid. 401 (defining "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").

Moore contends Form 2751 is inadmissible because "[i]f the United States' position is correct, and by signing Form 2751 a person admits that he or she is a responsible person under I.R.C. § 6672(a), filing a refund claim and lawsuit would be frivolous." In Moore's view, "No jury would find a person was not a responsible person if the United States is allowed to introduce Form 2751 as definitive evidence that a person has already admitted he or she is a responsible person."

Admittedly lacking direct support for his contention that Form 2751 is categorically inadmissible based solely on its potential strength as evidence, Moore compares Form 2751 to IRS Form 870, arguing "courts have routinely held that a person, by signing Form 870, has not waived his or her rights to pay the tax, file a claim for refund for taxes and litigate the refund claim." Moore urges us to analogize Form 870 to Form 2751 and apply Clark v. United States, 211 F.2d 100, 105-06 (8th Cir. 1954), and Hargis v. Godwin, 221 F.2d 486, 493-94 (8th Cir. 1955).

In Clark, we determined the trial court erred, though harmlessly, in admitting the version of Form 870 waiver then in effect, because the waiver lacked "legal probative quality" in a criminal tax-evasion case. Clark, 211 F.2d at 106. Noting "[t]he signing of such a waiver by a taxpayer is without any effect to preclude him from maintaining a civil suit for refund of the taxes assessed," we reasoned "such a waiver [was not then] entitled to have any effect to convict a taxpayer on a criminal charge of evasion." Id. at 105-06. In Hargis, we relied on Clark and held "the compromise offer contained in Form 870 . . . was not admissible in evidence to establish the [taxpayer's deficiencies

-6-

were due to fraud with the intent to evade taxes].” See Hargis, 221 F.2d at 493-94. Again, we determined the error was harmless. Id. at 494.

Relying on Clark, Hargis, and purported similarities between Form 870 and Form 2751, Moore argues, “Since Forms 870 and 2751 serve such similar purposes and the Eighth Circuit has ruled Form 870 is inadmissible, . . . admission of Form 2751was unfairly prejudicial to Moore and clearly error.” Moore’s argument is unpersuasive.

We decided Clark and Hargis before the Federal Rules of Evidence took effect July 1, 1973. Moore fails to present a compelling reason categorically to exclude Form 2751 under the current rules of evidence, which favor admitting relevant evidence absent a specific reason to exclude it. See Fed. R. Evid. 402. To the contrary, courts have routinely admitted Form 2751 as probative evidence in tax matters. See, e.g., United States v. Hodgekins, 28 F.3d 610, 613-14 (7th Cir. 1994) (analyzing the effect of signing Form 2751 in a case that “turn[ed] on the significance of [Forms 2750 and 2751]”).

Moore’s assertion that Form 2751 makes a refund claim frivolous belies his relevance objection. See Fed. R. Evid. 401. Moore complains of prejudice, but fails to establish the probative value of Form 2751 “is substantially outweighed by the danger of unfair prejudice, confusion of the issues, . . . misleading the jury,” or any other basis under Fed. R. Evid. 403. Form 2751 is not inadmissible solely by reason of being “merely prejudicial in the sense of being detrimental to [Moore’s] case. [Fed. R. Evid. 403] protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis.” United States v. Myers, 503 F.3d 676, 682 (8th Cir. 2007) (quoting Wade v. Haynes, 663 F.2d 778, 783 (8th Cir. 1981) (internal quotation marks omitted)). Such is not the case here.

We also note <u>Clark</u> and <u>Hargis</u>, and the cases upon which they rely, were each based upon an earlier version of Form 870 with different language. <u>See</u> <u>Payson v. Comm'r</u>, 166 F.2d 1008, 1009-10 & n.3 (2d Cir. 1948); <u>Herber v. Jones</u>, 103 F. Supp. 210, 213 (W.D. Okla. 1951). Moore's comparison of the "virtually identical" language of the modern forms with past cases and forms thus lacks force. Indeed, the exclusion of Form 870 in the cited cases was based largely on the lack of preclusive effect of the compromise contained within the version of Form 870 then in place, which is not an issue here.[3]

To the extent <u>Clark</u> and <u>Hargis</u> remain valid today with respect to the current Form 870, we decline to extend the reasoning of those cases to Form 2751. The district court did not abuse its discretion in admitting Moore's signed Form 2751 and Officer Denning's testimony about the form, or by instructing the jury with respect to the form and its effect.

## B. Notice and Waiver

Section 6672(b) prohibits the government from imposing a penalty unless the government notifies the taxpayer he is subject to an assessment in writing by mail or in person, at least 60 days before demanding payment. <u>See</u> I.R.C. § 6672(b)(1)-(2). Moore contends the government "unlawfully and illegally obtained" Form 2751 and failed to provide him with the notice required by § 6672(b)(1) for the first quarter of 2003, entitling him to judgment as a matter of law for that quarter.

---

[3]Notwithstanding Moore's argument to the contrary, neither the government nor the district court has suggested the Form 2751 Moore signed precluded Moore from seeking a refund or maintaining this action.

Relying on Internal Revenue Manual (I.R.M.) 5.7.4.7(3)[4], the district court denied Moore's motion, concluding the Form 2751 Moore signed for that quarter waived the notice requirement. We review de novo the district court's denial of Moore's motion for judgment as a matter of law. See WWP, Inc. v. Wounded Warriors Family Support, Inc., 628 F.3d 1032, 1042 (8th Cir. 2011).

Although Moore admits he signed Form 2751 for the first quarter of 2003, he argues Form 2751 cannot provide the notice required by § 6672(b)(1) because the form predates § 6672 and "is an agreement to the assessment and collection of the trust fund recovery penalty. . . . [and] does not notify the taxpayer that he/she 'shall be subject to an assessment of such penalty.'" With respect to waiver, Moore maintains "[a] taxpayer cannot waive his or her right to . . . notice because there is no provision in [§] 6672 which allows a waiver" and "[e]ven if a taxpayer can arguably waive the 60 day period by signing Form 2751, the taxpayer does not waive the I.R.C. § 6672(b)(1) notice." Moore's arguments are unavailing.

Section 6672 does not require a particular form or procedure for giving notice or restrict the traditional principles of waiver.[5] "[A]bsent some affirmative indication of Congress' intent to preclude waiver . . . statutory provisions are subject to waiver by voluntary agreement of the parties." United States v. Mezzanatto, 513 U.S. 196,

---

[4]The I.R.M. serves as the single, official source of IRS "instructions to staff" relating to the administration and operation of the Internal Revenue Service. I.R.M. 3.42.7.3.2(3). I.R.M. 5.7.4.7(3) states, "The 60-day rule does not apply: . . . If the responsible person signs Form 2751, Proposed Assessment of Trust Fund Recovery Penalty, waiving the restriction on notice and demand set forth in IRC 6672(b)."

[5]The I.R.M. recommends the government provide the required notice by delivering Letter 1153(DO) to the responsible person by mail or in person. See I.R.M. 5.7.4.7(2)-(3). Officer Denning testified she provided Moore with Letter 1153(DO) for the first quarter of 2003 at their July 30, 2003 meeting, but the jury found she did not. The government does not challenge the jury's finding.

201 (1995). The Form 2751 Moore signed on July 30, 2003, notified him of the proposed assessment for the first quarter of 2003 as required by § 6672. By his signature, Moore "consent[ed] to the assessment and collection of the total penalty shown" and "waive[ed] the 60 day restriction on notice and demand set forth in Internal Revenue Code 6672(b)."

By special verdict, the jury found Moore, as a responsible person, signed Form 2751 "voluntarily, without duress or coercion." The jury's verdict is supported by substantial evidence. Section 6672 requires nothing more. The district court did not err in denying Moore's motion for judgment as a matter of law.

### C.    Other Claims

We have carefully reviewed Moore's remaining challenges to "all adverse rulings and orders in this case," and conclude they are without merit. See 8th Cir. R. 47B.

### III.    CONCLUSION

We affirm.

_____