# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2758

_____

| | | |
|---|---|---|
| Susan Bauer, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Curators of the | * | |
| University of Missouri, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 14, 2012
Filed: June 6, 2012 (corrected June 6, 2012)

_____

Before WOLLMAN, COLLOTON and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Susan Bauer, an advanced practical nurse at the University of Missouri Hospital and Clinics, sued the Board of Curators, alleging a violation of the Equal Pay Act, 29 U.S.C. § 206(d). She claimed she was paid less than a male who performed substantially equal work under similar working conditions. The district court, over Bauer's objection, gave the business-judgment instruction: "You may not return a verdict for the plaintiff just because you might disagree with the defendant's decision or believe it to be harsh or unreasonable." *See* **8th Cir. Civ. Jury Inst. 5.94**. The jury returned a verdict for the Curators. Bauer moved for a new trial, arguing

that the instruction should not be given in an EPA case. The district court denied the motion for new trial. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Generally, this court reviews a district court's instructions to the jury for abuse of discretion. *Niemiec v. Union Pac. R.R. Co.*, 449 F.3d 854, 857 (8th Cir. 2006). Even if a district court erroneously instructs a jury, this court reverses "'only where the error affects the substantial rights of the parties.'" *McCoy v. Augusta Fiberglass Coatings, Inc.*, 593 F.3d 737, 744-45 (8th Cir. 2010), *quoting* *Brown v. Sandals Resorts Int'l*, 284 F.3d 949, 953 (8th Cir. 2002).

The Curators argue that Bauer's objections at trial did not preserve the issue. To preserve a jury-instruction issue for appellate review, a party must "make a specific objection that distinctly state[s] the matter objected to and the grounds for the objection." *Allen v. Entergy Corp.*, 193 F.3d 1010, 1014 (8th Cir. 1999). *See* **Fed. R. Civ. P. 51(c)(1)**. An objection must be specific, precise enough to allow the district court to address any problems and avoid a retrial. *Allen*, 193 F.3d at 1013. A general objection to a jury instruction, even when it encompasses a specific objection, is insufficient. *Id.* at 1014.

If a party does not properly object to preserve the issue for appeal, objections to jury instructions are waived, absent a showing of plain error. *Niemiec*, 449 F.3d at 857-58 (8th Cir. 2006); **Fed. R. Civ. P. 51(d)(2)**. Plain error exists if: (1) the district court deviates from a legal rule; (2) the error is clear under current law; and, (3) the error affects substantial rights, which ordinarily means that the error affects the outcome of the proceedings. *United States v. Olano*, 507 U.S. 725, 732-35 (1993). Plain error will not be corrected unless (4) it "seriously affect[s] the integrity, fairness, or public reputation of judicial proceedings." *Kaplan v. Mayo Clinic*, 653 F.3d 720, 726 (8th Cir. 2011), *citing* *Rahn v. Hawkins*, 464 F.3d 813, 819 (8th Cir. 2006).

During a conference outside the hearing of the jury, Bauer objected to the business-judgment instruction. Bauer stated that the instruction is "quite confusing," not "plain language," "doesn't aid the jury," and implies that the plaintiff has the burden to prove an intent that salary disparity was discriminatory. After Bauer made her objection, the district court quoted the comment to the model instruction, noting *Walker v. AT&T Technologies*, 995 F.2d 846 (8th Cir. 1993). The district court then stated: "I'm going to give [the instruction] because I don't like, that AT&T case could be a problem. It could be reversible. I'm not – you can make your objection, but I'm going to go ahead and give [the instruction]." The district court understood Bauer's objection but believed that the business-judgment instruction should be given due to the *AT&T* case. This objection was preserved and is reviewed for abuse of discretion.

Gender discrimination claims may be brought under both Title VII and the Equal Pay Act, but the laws differ. The EPA, a strict liability statute, does not require plaintiffs to prove that an employer acted with discriminatory intent; plaintiffs need show only that an employer pays males more than females. ***Strecker v. Grand Forks County Soc. Serv. Bd.***, 640 F.2d 96, 99 n.1 (8th Cir. 1980), *rev'd on other grounds*, ***Pullman-Standard v. Swint***, 456 U.S. 273 (1982). *See **Mickelson v. New York Life Ins. Co.***, 460 F.3d 1304, 1310-11 (10th Cir. 2006). To avoid liability, an employer must show that any pay disparity is justified by (1) a seniority system; (2) a merit system; (3) a pay system based on quantity or quality of output; or (4) a disparity based on any other factor other than sex. *See **Price v. Northern States Power Co.***, 664 F.3d 1186, 1191 (8th Cir. 2011); **29 U.S.C. § 206(d)(1)**.

Under Title VII, the burden of persuading the trier of fact that an employer intentionally discriminated against the plaintiff always remains with the plaintiff. ***Texas Dept. of Community Affairs v. Burdine***, 450 U.S. 248, 252-55 (1981); **42 U.S.C. § 2000e-2**. After a prima facie case of unlawful discrimination is established, the employer may assert "a legitimate, nondiscriminatory reason for its adverse employment action." ***Burdine***, 450 U.S. at 252-55. Then, the employee may present

evidence that the employer's reasons are pretextual. *Id.* An employer under the EPA carries the burden of persuasion and must prove an affirmative defense; a Title VII defendant need only articulate a defense.

Because an employer is "entitled to make its own subjective personnel decisions . . . for any reason that is not discriminatory" under Title VII, this court requires district courts, on request, to give the business-judgment instruction in a Title VII case. *AT&T Technologies*, 995 F.2d at 849; **8th Cir. Civ. Jury Instr. 5.94 cmt**. This logic, however, is irrelevant under the EPA. "Under the EPA, a defendant cannot escape liability merely by articulating a legitimate non-discriminatory reason for the employment action. Rather, the defendant must prove that the pay differential was based on a factor other than sex." *Simpson v. Merchants & Planters Bank*, 441 F.3d 572, 579 (8th Cir. 2006) (citation omitted). The business-judgment instruction should not be given in an EPA case.[1] The district court included incorrect language in its instructions.[2]

---

[1] If a case includes claims under both Title VII and the EPA, a business-judgment instruction is appropriate. *Wolff v. Brown*, 128 F.3d 682, 685 (8th Cir. 1997).

[2] Bauer's ultimate argument on appeal–that the business-judgment instruction was a "roving commission"–was not specifically raised in her objection, was not preserved, and is reviewed for plain error. In the Missouri courts, a roving commission occurs when a single instruction "assumes a disputed fact or submits an abstract legal question that allows the jury to roam freely through the evidence and choose any facts which suit[ ] its fancy or perception of logic to impose liability." *Scanwell Freight Express STL, Inc. v. Chan*, 162 S.W.3d 477, 482 (Mo. banc 2005), *citing Seitz v. Lemay Bank & Trust Co.*, 959 S.W.2d 458, 463 (Mo. banc 1998) (internal quotations omitted). This court, however, "need not consider the intricacies of state procedural instruction law." *Crues v. KFC Corp.*, 768 F.2d 230, 232-33 (8th Cir. 1985), *citing Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 904 (8th Cir. 1985) (emphasis added). As to the roving-commission issue, the district court did not plainly err.

Although the business-judgment instruction should not have been given, this court examines "'whether the jury instructions, *taken as a whole*, fairly and adequately represent the evidence and applicable law in light of the issues presented to the jury in a particular case.'" **McCoy**, 593 F.3d at 745-46, *quoting* **Brown**, 284 F.3d at 953 (emphasis added). Here, the business-judgment instruction immediately followed three instructions that correctly define the plaintiff's prima facie case under the EPA, the term "substantially equal," the defendant's burden of persuasion, and four possible affirmative defenses. The business-judgment instruction limited the jury from ruling for Bauer *solely* for irrelevant reasons that are not in the preceding three instructions. Taken as a whole, the instructions correctly state the law, requiring a verdict for the plaintiff under some circumstances or for the defendant under others. No error occurred.

The judgment of the district court is affirmed.

_____