# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3351

_____

James Lasley

*Plaintiff - Appellant*

v.

Running Supply, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: October 20, 2016
Filed: December 5, 2016
[Unpublished]

_____

Before MURPHY, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

James Lasley appeals the district court's[1] denial of his motion for a new trial after a jury verdict in favor of Running Supply, Inc. Lasley contends that the district

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

court abused its discretion by instructing the jury on general negligence instead of premises liability law. For the reasons discussed below, we affirm.

Lasley, an independent truck driver, picked up cattle panels and calving pens from Powder River Livestock Handling Equipment. Powder River gave Lasley multiple copies of a document entitled Unloading Precautions, which stated, "When popping black bands, be careful that you stand clear of the product and bands. They will spring open and could injure you." The Unloading Precautions also noted that "[t]he black bands and posts are the only protection you have to keep the product from falling off the truck" and that a driver was not responsible for unloading. Lasley testified that he read and understood the precautions.

Lasley delivered the cattle panels and calving pens to other customers before arriving at Running Supply's store in Huron, South Dakota. After noticing that Running Supply only used one person for unloading, he offered to help unload the cattle panels. Running Supply Department Manager Melvin Brown, the employee responsible for unloading the panels, gave Lasley the tools to cut the bands. Brown testified he did not ask Lasley to help unload and remarked, "The drivers are independent folks. They can decide on what they do." Lasley thus offered to help of his own accord. Lasley then cut the first bundle. After Brown removed the first set of panels with a forklift and drove them away, Lasley cut another bundle. Instantly, the entire bundle of steel panels threw him from the truck and landed on him. Lasley suffered extensive back and leg injuries.

Lasley filed this diversity action, alleging a negligence claim against Running Supply. Prior to trial, Lasley proposed jury instructions on premises liability, arguing that Running Supply had a duty to warn Lasley of the dangers of unloading the cattle panels. Running Supply proposed jury instructions for general negligence, arguing that South Dakota law only required landowners to warn invitees about conditions on the land, not about activities on the land. The district court rejected Lasley's

-2-

proposed instructions and gave the jury general negligence instructions without further objection. The jury found in favor of Running Supply.

Lasley filed a post-trial motion for a new trial, arguing that the district court erred by not instructing the jury that South Dakota law holds landowners liable for dangerous activities performed on the premises. The court surveyed different jurisdictions and held "that the better rule is to apply traditional negligence principles in the present case because Lasley's injuries were caused by the actions (or omissions) of Defendant's employees and not by any dangerous condition of Running's property." As a result, the district court found that sufficient evidence supported the jury's verdict because there was no evidence that a dangerous condition caused Lasley's injuries and therefore there was no breach of duty. Furthermore, it held that there was sufficient evidence that Lasley assumed the risk of his injuries when he read and understood the Unloading Precautions but nonetheless stood right next to the panels when he cut the bands. Lasley's sole argument on appeal is that the district court abused its discretion by refusing his premises liability instructions based on dangerous activities.

"We review a district court's decision to give particular jury instructions for abuse of discretion."[2]  *Acuity v. Johnson*, 776 F.3d 588, 595 (8th Cir. 2015) (quotations omitted). "Our review is limited to whether the jury instructions, taken as a whole, fairly and adequately represent the evidence and applicable law in light

---

[2]Running Supply claims that because Lasley failed to specifically object to the general negligence jury instructions, he has not preserved the alleged error, and thus, we should only review for plain error. However, Rule 51(d)(1)(B) allows a party to assign as error "a failure to give an instruction, if that party properly requested it and—*unless the court rejected the request in a definitive ruling on the record*—also properly objected." Fed. R. Civ. P. 51(d)(1)(B) (emphasis added). Because Lasley requested the premises liability jury instructions and the district court definitively denied that request on the record, we review for an abuse of discretion. *See id.*

of the issues presented to the jury in a particular case." *Linden v. CNH Am., LLC*, 673 F.3d 829, 836 (8th Cir. 2012) (quotations omitted). "Even if a district court erroneously instructs a jury, this court reverses only where the error affects the substantial rights of the parties," *Bauer v. Curators of Univ. of Mo.*, 680 F.3d 1043, 1044 (8th Cir. 2012) (quotations omitted), and "a new trial is necessary only when the errors misled the jury or had a probable effect on the jury's verdict," *Slidell, Inc. v. Millennium Inorganic Chems., Inc.*, 460 F.3d 1047, 1054 (8th Cir. 2006).

Lasley asserts that he is entitled to a new trial because the district court's failure to instruct the jury on premises liability based on activities on the land affected his substantial rights. He argues that in a premises liability case, a landowner must give a business invitee a warning for dangerous activities on the land, and Running Supply never warned him of the dangers inherent in unloading cattle panels. We need not decide this question. Instead, even assuming erroneous jury instructions, any error did not affect Lasley's substantial rights because there was sufficient evidence of Lasley's assumption of risk. *See Burry v. Eustis Plumbing & Heating, Inc.*, 243 F.3d 432, 435 (8th Cir. 2001) (holding that the plaintiff's "showing of prejudice [for an alleged erroneous jury instruction] fizzles" in part because "the defense exposed serious problems with his case"); *Parker v. Casa Del Rey-Rapid City, Inc.*, 641 N.W.2d 112, 116 (S.D. 2002) (holding that premises liability is a "subpart of the general duty to exercise reasonable care") (quotations omitted); *Stenholtz v. Modica*, 264 N.W.2d 514, 517 (S.D. 1978) ("[E]ven though a [landowner owed a duty to his business invitee], the fact that the danger was known or obvious is important in determining whether the invitee is to be charged with assumption of the risk."). Lasley does not object to the jury instruction on assumption of risk, which requires Running Supply to show that (1) Lasley had actual or constructive knowledge of the existence of the specific risk involved; (2) Lasley appreciated the risk's character; and (3) Lasley voluntarily accepted the risk, having had the time, knowledge, and experience to make an intelligent choice.

Running Supply proved each element of the affirmative defense. Lasley testified that he read the Unloading Precautions, understood that the cattle panels could spring forward during unloading and injure him, and knew he was not responsible for unloading the cattle panels. Despite this, Lasley still volunteered to help and stood right next to the panels when he cut the bands. As the district court held, "Lasley's testimony indicated that he knew of the existence of the risk of harm, appreciated the nature of the risk, and chose to cut the bands despite the known and appreciated risks." We find that even assuming erroneous jury instructions, Lasley's substantial rights were not affected. Because his substantial rights were not affected and any potential error had no probable effect on the jury's verdict, Lasley is not entitled to a new trial. *See Slidell*, 460 F.3d at 1054.

Accordingly, the judgment of the district court is affirmed.

_____